## MARCUS C. COOK AND CYREL R. ALDRICH, RESPONDENTS. *v.* H. HORWITZ AND OTHERS, APPELLANTS.

*Misjoinder — one action upon two distinct undertakings — demurrer.*

Defendant Horwitz having been arrested in an action brought by the plaintiffs to recover the possession of certain personal property, an undertaking was given on the third of April by the defendants Horwitz, Freudenthal and Dodds, by which they bound themselves that the defendant should, at all times, render himself amenable to process, etc., and for the payment to the plaintiffs of such sum as might be recovered against him. On the twenty-seventh of May, another undertaking was given by the defendants Dodds and Jopha, in the form and to the effect required by section 211 of the Code.

Plaintiffs having recovered judgment in the action, and an execution issued thereon having been returned unsatisfied, brought this action against all the sureties to both undertakings. *Held,* that a demurrer, interposed by the defendant on the ground of an improper joinder of separate causes of action, was proper and should be allowed.

APPEAL from an order overruling a demurrer to the complaint.

*John Berry,* for the appellants.

*Anthony Barrett* and *Chas. J. Patterson,* for the respondents.

BARNARD, P. J. :

The plaintiffs brought an action in the Kings County Court against the defendant to recover specific personal property. It seems the defendant secreted the property, and an order of arrest was issued against him under subdivision 3 of section 179 of the Code, which authorizes arrests, as follows :

" 3. In an action to recover the possession of personal property unjustly detained, where the property or any part thereof has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff, and with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof." Where an arrest is made under this subdivision 3, section 179, the defendant is required to give the undertaking required upon a redelivery of personal property to a defendant. (Code, 187).

This undertaking is provided for by section 211, and must be in double the value of the property, must have two sufficient sureties, and they must be bound " for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant."

On the 3d of April, 1875, the defendants Horwitz, Freudenthal and Dodds executed an undertaking in the sum of " $1,400 that H. Horwitz shall, at all times, render himself amenable to the process of said court during the pendency of this action, and to such as may be issued to enforce the judgment thereon, and for the payment to the plaintiffs of such sum as may, for any cause, be recovered against the defendant."

To entitle the defendant to a release from other arrests under section 179 of the Code, the undertaking does not require the clause that the sureties would pay the sum recovered. To entitle himself to a release under subdivision 3 of this section a clause should have been added providing for a return of the property, and no liabilty was required for a failure upon the part of defendant to render himself amenable to process.

On the 27th May, 1875, the defendants Dodds and Japha executed an undertaking as called for by section 211.

The plaintiff had judgment in the action for the delivery of the personal property, and for the recovery of $700, in case the same could not be had. Execution having been issued and returned

unsatisfied, the plaintiffs bring this action, setting forth both under-takings, and asking judgment against the signers of both.

The point presented by the demurrer is whether the joinder is right.

In *Wiles* v. *Suydam* (unreported) it was held by the Court of Appeals that if two causes of action were set out in one complaint a demurrer would lie, although they were not separately stated. " If, however, the complaint does contain several causes of action, and they are improperly united, the omission to state the cause of action in separate counts properly numbered does not deprive the defendant of the right to demurrer. (*Goldberg* v. *Alley*, not reported.")

The case of *Wiles* v. *Suydam* is decisive of this in another par-ticular. The action was against the defendant to recover a debt due the plaintiff therein from a manufacturing corporation. The defend-ant was a stockholder and trustee. The liability claimed against him was as stockholder under one of the manufacturing laws, and as trustee, for failure to make and file a report under another section. The defendant was liable to pay plaintiff's debt under both sections. The Court of Appeals held that the actions could not be joined. " The recovery of the debt is the object of the action, but a cause of action must have two factors : the right of the plaintiff and the wrong or obligation of the defendant." There is no provision of law requiring both the undertakings set forth in the complaint. It is possible that because the first was defective the second was given, but assuming that both were properly given, I think they cannot be joined in one action. They are not made by the same parties, and, therefor, each does not affect all the defendants ; only one defendant signed both papers.

Japha had no interest in the first undertaking, and Horwitz and Freudenthal have none in the second. The grounds of liability are different. The first undertaking calls for amenability to process; the second does not. The liability arises under different papers executed at different times, and with different conditions and with different parties. There is no joint liability of all the defendants upon either paper. There is no allegation that the papers were given to effect a single purpose.

I think the order overruling the demurrer should be reversed,

and the demurrer sustained, with leave to plaintiff to amend in twenty days on payment of costs.

Dykman, J., concurred. Gilbert J., not sitting.

Order overruling demurrer reversed, and demurrer sustained, with leave to plaintiff to amend on payment of costs in twenty days.